UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 20-00706-AB (FFMx) | Date: | June 4, 2020 |
|---|---|---|---|

| Title: | *Regina Freiwald v. Ford Motor Company et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING MOTION FOR REMAND**

Before the Court is Plaintiff Regina Freiwald's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 10). Defendant Ford Motor Company ("Ford") filed an opposition and Plaintiff filed a reply. The Motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff originally filed this action in state court, alleging violations of the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1791 *et seq.*, against Ford and Yucca Valley Ford (the "Dealer") based on alleged defects in a 2013 Ford Fiesta that Plaintiff purchased from the Dealer. Ford removed the action based on diversity jurisdiction, asserting that the Dealer's citizenship, which is not diverse from Plaintiff's citizenship[1], can be disregarded because the Dealer was fraudulently joined. Plaintiff now moves to remand the action, arguing that the

---

[1] The Court finds that Ford has established that Plaintiff is a citizen of the State of California.

Dealer was not fraudulently joined.[2]

## II.  LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was

---

[2] Although Plaintiff did not move on this basis, the Court questions whether the amount in controversy is satisfied in this case. Plaintiff does not allege a fraud claim. Ford's Notice of Removal estimates that the purchase price of Plaintiff's vehicle was $9,275, so the maximum award under Song-Beverly is $27,875. *See* NOR ¶ 21. This is $45,126 short of satisfying the amount in controversy and it is not apparent that the attorneys' fees Plaintiff seeks would make up that difference.

"fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani,* No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D. Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group,* 1994 WL 570643 at * 2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006).

Thus, "[r]emand must be granted unless the defendant shows that the

plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at \*4 (C.D. Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballesteros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); *see also Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at \*6 (C.D. Cal. Nov. 7, 2016) (quoting *Freedman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at \*3 (E.D. Cal. 2015)).

## III.    DISCUSSION

The Court finds that Ford has not met its heavy burden to show that the Dealer was fraudulently joined.

Plaintiff has sued the Dealer as the retailer of the vehicle. California law provides that goods are accompanied by an implied warranty of merchantability by not only the manufacturer but also by the retailer. *See* Cal. Civ. Code §1792 ("Unless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's *and the retail seller's* implied warranty that the goods are merchantable. The retail seller shall have a right of indemnity against the manufacturer in the amount of any liability under this section.") (emphasis added). Ford's primary argument is that such a claim against the Dealer is barred by the statute of limitations. But the statute of limitations on a claim for breach of implied warranty may be tolled, and the Court is not convinced that it is *impossible* for a tolling doctrine to apply to Plaintiff's claim against the Dealer. The standard for demonstrating fraudulent joinder is high, and the relevant question is whether it is *possible* for Plaintiff to state a claim against the Dealer, not whether it has been sufficiently pleaded at this stage. *See Diaz*, 185 F.R.D. at 586 ("[M]erely showing

that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. 'The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.' ") (citation omitted)). Ford argues that the statute of limitations cannot be overcome in this case. But the failure of a claim must also be *obvious*, otherwise the defendant is not a sham. The Court finds that even if Plaintiff's implied warranty claim against the Dealer *may be* defective, that defect is neither absolutely certain nor patently obvious. As a result, the Court concludes that it is not obvious that Plaintiff cannot state a claim against the Dealer, because it is possible that the statute of limitations on the breach of the implied warranty of merchantability claim may be tolled. And even if allegations supporting tolling are not sufficiently pleaded at present, Ford has not shown that it is obviously certain that Plaintiff would be unable to amend the complaint to allege a viable tolling theory.

Ford also argues that given the indemnity provision of Civ. Code §1792, the Dealer is a dispensable party, so the Court should invoke Fed. R. Civ. P. 21 and drop the Dealer from this case to perfect the Court's subject matter jurisdiction. But Rule 21 should be used sparingly and not "to contort the pleadings of a lawsuit merely to confer federal jurisdiction." *Zee Med. Distrib. Ass'n, Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151, 1157 (N.D. Cal. 1998). Given the Court's rejection of Ford's fraudulent joinder arguments, employing Rule 21 to drop the Dealer would unduly expand diversity jurisdiction. *See Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204 (D. Nev. 2018) (applying Rule 21 in similar circumstance would be "an improper end-run around courts' rejection of the fraudulent misjoinder doctrine"). This is a basic Lemon Law case and no sound purpose would be served by dropping the Dealer simply to bestow subject matter jurisdiction on this Court.

The Court acknowledges that its Order denying the test remand motions in the MDL of which this case is a member found the dealerships sued therein to have been fraudulently joined. The Court reached that conclusion only after an extensive colloquy with counsel at oral argument. The Court declines to engage in the same level of searching inquiry. Rather, considering the issue on the papers presented and in light of the high bar for showing fraudulent joinder, the Court finds Ford has not established fraudulent joinder here.

The Court declines to award Plaintiff their attorneys' fees.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Remand is **<u>GRANTED</u>**. This case is hereby **<u>REMANDED</u>** back to the state court from which it was removed.

**IT IS SO ORDERED**.